[Cite as *State v. Dodson*, 2014-Ohio-2272.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100347**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEFFREY DODSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-555731

**BEFORE:** Blackmon, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

By:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

Jeffrey Dodson, pro se
Inmate #623-109
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   James M. Price
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Jeffrey Dodson appeals his sentence and convictions for pandering sexually-oriented matter involving a minor, illegal use of a minor in nudity-oriented material or performance, unauthorized use of property, and possession of criminal tools. His assigned counsel raises two assigned errors, and Dodson pro se raises an additional four assigned errors.[1]

{¶2} Having reviewed the record and pertinent law, we affirm Dodson's convictions. The apposite facts follow.

## Facts

{¶3} In 2011, the Cuyahoga County Grand Jury indicted Dodson in a 21-count indictment relating to his use of his parents' home computer to download child pornography. He did so using the non-password protected wireless internet service of his parents' neighbors. Dodson pleaded no contest to 16 counts of illegal use of a minor in nude material or performance, three counts of pandering sexually-oriented matter involving a minor, one count of unauthorized use of property, to wit a computer system, and one count of possession of criminal tools.

{¶4} At the sentencing hearing, the trial court determined that the offenses were not allied offenses of similar import. After reviewing the presentence investigation and mitigation of penalty reports, the trial court sentenced Dodson to three concurrent years in prison for the illegal use of a minor in nude material or performance and pandering

---

[1]See appendix.

sexually-oriented matter involving a minor, 12 months for the unauthorized use of the computer and possession of criminal tools to run concurrent to each other but consecutive to the other counts, for a total of four years in prison.

**{¶5}** On appeal, this court affirmed Dodson's convictions but reversed the original sentence that was imposed because the trial court failed to make the statutorily required findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. *State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344.

**{¶6}** On remand, the trial court conducted a sentencing hearing as to the consecutive sentence only. The trial court then reimposed the sentence it had imposed previously.

### Findings for Consecutive Sentence

**{¶7}** In his first assigned error, Dodson argues that the trial court again failed to make the requisite findings under R.C. 2929.14(C)(4).

**{¶8}** Appellate courts review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of consecutive sentences: (1) the appellate court, on its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." *Id*. at ¶ 11.

**{¶9}** R.C. 2929.14(C)(4) requires a trial court to make three separate and distinct findings before imposing consecutive sentences. The statute requires the court to find

(1) "that the consecutive sentence is necessary to protect the public from future crimes or to punish the offender[,]" (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) that any of the following apply:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes* at ¶ 17. "By stating the findings on the record, the reviewing court will not have to guess as to the trial court's thought process or impose its own. This helps the reviewing court to understand whether the trial court made the appropriate analysis." *State v. Davis*, 8th Dist. Cuyahoga Nos. 97689, 97691, and 97692, 2012-Ohio-3951, ¶ 16 (Blackmon, J., concurring). The failure to make these findings is contrary to law. *Venes* at ¶ 12.

**{¶11}** Our review of the record shows that after discussing this court's *Venes* decision, the trial court stated as follows:

> So I think that I — so I think that one year consecutive [sentence] is necessary to protect the public from future crime and to punish you for this conduct.
>
> Secondly, the trial court finds that consecutive sentences are not disproportionate to the seriousness of your conduct and the danger that you caused to the public.
>
> Again, I think it's clear from the record that this is not disproportionate to other offenders who have been convicted of similar offenses and your conduct, I think, warrants this. And, finally, I think on the three part test, I think part two is — clearly fits that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of these offenses were so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of your conduct.

Tr. 23-24.

**{¶12}** Dodson argues that the trial court's statement "the danger that you caused" versus the danger that "he poses" shows that the trial court failed in making the second finding. We disagree and see no substantial difference in the meaning.

**{¶13}** The statute requires that the trial court make the findings that justify the imposition of consecutive sentences. Here, the trial court made the required finding, it simply did not use the precise language of the statute. The trial court thought that the 12 months should run consecutive to the other crimes resulting in a four-year sentence. The trial court found that this sentence was not disproportionate to the seriousness of Dodson's criminal conduct and the danger to the public. In order to determine the danger Dodson "poses" to the public, the court necessarily looks at the danger he caused

in the past. Thus, we conclude the trial court's findings sufficiently meet the requirement of the second step in determining whether the consecutive sentence was proportional to the danger Dodson poses. *See also State v. Warner*, 8th Dist. Cuyahoga No. 100197, 2014-Ohio-1519, ¶ 6 (trial court's statement that the sentence was not "disproportionate" met the second step requirement); *State v. Connor*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 115 (trial court's statement: "I also find that it is not disproportionate, this sentence, to the harm that you have caused not just to [the victim's] family, but to the community as a whole" was sufficient to comply with second required finding.) The use of "talismanic words" is not necessary, as long as it is clear from the record that the trial court actually made the required statutory findings. *State v. Davila*, 8th Dist. Cuyahoga No. 99683, 2013-Ohio-4922, ¶ 9.

{¶14} Dodson had also argued that the trial court erred in applying the third step in imposing consecutive sentences. However, at oral argument, his attorney conceded that the trial court complied with the third step and withdrew this argument. Accordingly, we conclude the trial court complied with the requirements of R.C. 2929.14(C) in imposing consecutive sentences. Dodson's first assigned error is overruled.

### Minimum Sanction Required

{¶15} In his second assigned error, Dodson argues that the trial court erred by failing to consider imposing the minimum sanction as required by R.C. 2929.11.

{¶16} "R.C. 2929.11 and 2929.12 are not fact-finding statutes, and consideration of the appropriate factors can be presumed unless the defendant affirmatively shows to

the contrary." *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 119. Defendant has failed to show affirmatively that the trial court failed to consider the factors. Accordingly, Dodson's second assigned error is overruled.

Pro Se Supplemental Assigned Errors:

### Ineffective Assistance of Counsel

{¶17} In his first and second pro se assigned errors, Dodson argues he was denied effective assistance of counsel. Specifically he contends that the trial court deprived him of the effective assistance of counsel by assigning him a new attorney without giving him the opportunity to consult with the attorney. He also argues his attorney was ineffective because he was unfamiliar with the case.

{¶18} To succeed on a claim of ineffective assistance, a defendant must establish that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Counsel will only be considered deficient if his or her conduct fell below an objective standard of reasonableness. *Strickland* at 688.

{¶19} When reviewing counsel's performance, this court must be highly deferential and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689. To establish resulting

prejudice, a defendant must show that the outcome of the proceedings would have been different but for counsel's deficient performance. *Id.* at 694.

{¶20} Dodson desired to have the same attorney that he had on appeal. However, that attorney declined the opportunity to continue representing Dodson. Therefore, the trial court appointed a new attorney. Dodson claimed that his counsel was not prepared because he did not have the opportunity to consult with Dodson prior to the hearing. The sentencing hearing was not a complicated matter, because Dodson was merely being resentenced on the consecutive portion of his sentence. Therefore, this is not a matter that required extensive conversation with the client. In fact, the new attorney assured the trial court that he was "capable of going forward on this case" in spite of Dodson's desire to have his appellate counsel. The court also informed Dodson that he gave the assignment to new counsel after the trial court "gave him the opinion to read and the file to read."

{¶21} Therefore, it appears counsel was prepared to represent Dodson, and in fact, requested that the sentence be run concurrently, arguing that Dodson's conduct was part of a continual act. We conclude that counsel was not ineffective. Accordingly, Dodson's first and second pro se assigned errors are overruled.

## Use of Witness Testimony at Sentencing

{¶22} In his third pro se assigned error, Dodson argues that the trial court inappropriately relied upon witness testimony at sentencing.

**{¶23}** Our review of the record does not indicate that the trial court relied upon trial testimony. In explaining its reasons for imposing the consecutive sentence, which the court was not obligated to do, the trial court referred to facts that were presented during Dodson's first guilty plea. Mainly, that Dodson was stealing internet access from his parent's neighbors to download the child pornography. Because he admitted to these facts by entering a guilty plea, we do not conclude the trial court erred by referring to these facts. Accordingly, Dodson's third pro se assigned error is overruled.

## Signing of Documents

**{¶24}** In his fourth pro se assigned error, Dodson argues the trial court required him to sign a document that he could not read.

**{¶25}** At the hearing, the trial court, out of an abundance of caution, had Dodson again sign the document advising him of his obligation as a sexual offender to verify his address with the sheriff upon being released. Dodson told the court he could not read the document without his glasses, which were taken away from him. The court then had Dodson's assigned counsel go over the document with him. The court then also went over the document with him. Therefore, we conclude no error resulted from Dodson not being able to read the document. Accordingly, Dodson's fourth pro se assigned error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON,  JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR

## **APPENDIX**

Assignments of Error

> I.  The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(C).

> II.  The trial court failed to consider whether its sentence utilized the minimum sanction necessary to accomplish the goals of sentencing without unnecessarily burdening governmental resources.

Supplemental Pro Se Assignments of Error

> I.  The appellant was denied effective assistance of counsel in violation of the Sixth Amendment of the United States Constitution when his appellate counsel withdrew from the case on the day of sentencing and substitute counsel was ill prepared to proceed.

> II.  The trial court abused its discretion when it appointed new counsel shortly before the commencement of the sentencing hearing and created prejudice by counsel's ineffectiveness.  Sixth and Fourteenth Amendments of the United States Constitution.

> III.  The trial court was in error when it used evidence that the witnesses who testified at trial justified the severity of the sentence.  There were no witnesses who testified at trial.

IV.  The trial court abused its discretion when it made the appellant sign documents he could not read thus causing prejudice against the appellant.