[Cite as *State v. Carrion*, 2016-Ohio-2942.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
## Nos. 103393 and 103394

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDWIN CARRION

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-593574-B and CR-15-595550-A

**BEFORE:** Celebrezze, J., Keough, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 12, 2016

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Kerry A. Sowul
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, Edwin Carrion ("appellant"), brings this appeal challenging the trial court's sentences for drug possession and having weapons while under disability. Specifically, appellant argues that the trial court's sentences were not commensurate with his offenses and that he was denied effective assistance of counsel. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

**{¶2}** Appellant was arrested at his place of employment, Vape Zone in Cleveland, Ohio, for possessing heroin and "K2," otherwise known as "spice." In Cuyahoga C.P. No. CR-15-593574-B, appellant pled guilty to two counts of drug possession, fifth-degree felonies in violation of R.C. 2925.11(A). The trial court sentenced appellant to a one-year prison term on each count and ordered the counts to run concurrently.

**{¶3}** In a separate and unrelated incident, appellant's firearm was stolen from a backpack in his car. The firearm was subsequently used in an aggravated burglary and recovered by the investigating officers. Officers found appellant's fingerprints on the firearm. In Cuyahoga C.P. No. CR-15-595550-A, the Cuyahoga County Grand Jury returned a three-count indictment charging appellant with (1) aggravated burglary, in violation of R.C. 2911.11(A)(2), with a one-year firearm specification under R.C. 2941.141(A) and a forfeiture of the weapon under R.C. 2941.1417(A); (2) having weapons while under disability, in violation of R.C. 2923.13(A)(3), with a forfeiture of

the weapon under R.C. 2941.1417(A); and (3) theft, in violation of R.C. 2913.02(A)(1), with a one-year firearm specification under R.C. 2941.141(A) and a forfeiture of the weapon under R.C. 2941.1417(A). The investigating officers determined that appellant was not the person who burglarized the home. The parties reached a plea agreement and appellant pled guilty to one count of having weapons while under disability, a third-degree felony in violation of R.C. 2923.13(A)(3), and agreed to a forfeiture of the weapon under R.C. 2941.1417(A). The state nolled the remaining counts and specifications. The trial court sentenced appellant to a prison term of 36 months.

{¶4} The trial court ordered appellant to serve the sentences in CR-15-593574-B and CR-15-595550-A concurrently, for a total of 36 months of imprisonment. The trial court ordered 36 months of discretionary postrelease control pursuant to R.C. 2967.28.

{¶5} Appellant filed the instant appeal assigning two errors for review:

I. The sentence handed down from the trial court was not commensurate with the crime committed.

II. Appellant was not afforded effective assistance of counsel.

## II. Law and Analysis

### A. Trial Court's Sentence

{¶6} In his first assignment of error, appellant argues that the trial court's sentence was not commensurate with the offenses he committed. Appellant contends that the trial court's sentence was more punitive than rehabilitative, and too onerous based on the facts in the record.

{¶7} When reviewing felony sentences, this court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. In *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, the Ohio Supreme Court held that when a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id*. at ¶ 23.

{¶8} When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines will

accomplish those purposes. The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶9} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶10} R.C. 2929.11 and 2929.12 are not fact-finding statutes. Accordingly, although the trial court must consider the principles and purposes of sentencing as well as the mitigating factors as outlined above, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise. *Id.*, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12. Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302,

2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

**{¶11}** In the instant matter, appellant asks this court to find his sentence to be arbitrary, capricious, and disproportionate to his offenses. Appellant argues that the trial court's imposition of the maximum sentences is "clearly excessive in nature" and "contrary to the principles of fair play and substantial justice." We disagree.

**{¶12}** The trial court sentenced appellant within the statutory range. R.C. 2929.14(A)(3)(b) provides, "[f]or a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Furthermore, R.C. 2929.14(A)(5) provides, "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." The trial court imposed the maximum 36-month sentence for having weapons while under disability, a felony of the third degree, and the maximum 12-month sentence for the two drug possession convictions, felonies of the fifth degree. There is no statutory requirement for findings in order to impose the maximum sentences, and a trial court has the discretion to impose a prison sentence within the statutory range. "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Because the trial court sentenced appellant within the statutory range, there was no error with the imposition of a maximum sentence. *See Sutton* at ¶ 74.

**{¶13}** Appellant further contends that the trial court failed to state that it weighed the factors regarding his conduct and failed to state the necessary language regarding whether the sentence was necessary to protect the public and punish him.

**{¶14}** The trial court's sentencing journal entry states, in relevant part, "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."

**{¶15}** Aside from the trial court's notation in the sentencing entry that it "considered all required factors of law" including, specifically, R.C. 2929.11, the record in this case reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant.

**{¶16}** The state recommended that the trial court sentence appellant to prison based on his extensive criminal record and the fact that "one of these cases involves a gun, and the other involves drugs[.]" The trial court heard appellant's and his counsel's arguments in mitigation at the sentencing hearing. The trial court obtained a presentence investigation report for appellant and noted (1) his significant criminal history, (2) his probation violation in Cuyahoga C.P. No. CR-13-579131-A, and (3) the probation officer's classification of appellant as "very high risk." The trial court emphasized that the instant offenses are appellant's 16th and 17th felonies.

**{¶17}** In CR-13-579131-A, appellant pled guilty to drug possession, a felony of the fifth degree in violation of R.C. 2925.11(A). The trial court sentenced appellant to community control for a period of two years. Appellant committed the having weapons

while under disability and drug possession offenses in the instant matter in violation of the terms of his community control.

{¶18} In determining the appropriate sentence for appellant, the trial court stated:

As much as you've been attempting to do the right thing or go down the right path, to some degree, I think you should be — I guess I should acknowledge that as a good intent on your part and perhaps some good conduct.

But on the other side and how you're doing it is just representative of the problem you've had since 1991. And you don't leave me, in my mind, with too many options as to try to see if we can make something out of your life that's different than the first — or the last 20 years or so.

You're 42 years of age. The Probation Department considers you not only a high risk, but a very high risk, so it seems to me that my choices are pretty limited as to what I think is appropriate to be done in this situation.

Furthermore, the trial court stated:

You've got the ability to do better. You need to get some treatment through post-release control. And you know the path to a better life. You've just got to figure out how to get there.

{¶19} Accordingly, appellant's argument that the trial court failed to consider the relevant statutory factors under R.C. 2929.11 and 2929.12 is without merit.

{¶20} In *State v. Dodson*, 8th Dist. Cuyahoga No. 100347, 2014-Ohio-2272, defendant-appellant argued that the trial court failed to make the second R.C. 2929.14(C)(4) finding before imposing consecutive sentences. *Id*. at _ 7. Pursuant to R.C. 2929.14(C)(4), the trial court is required to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." However, the trial court found that "consecutive

sentences are not disproportionate to the seriousness of [appellant's] conduct and the danger that [appellant] caused to the public." *Id*. at _ 11. This court upheld the trial court's imposition of consecutive sentences, finding that although the court did not use the precise statutory language, it did make the required second finding. *Id*. at _ 13. Furthermore, this court acknowledged that the use of "talismanic words" is not necessary, as long as it is clear from the record that the trial court actually made the required statutory findings. *Id*., citing *State v. Davila*, 8th Dist. Cuyahoga No. 99683, 2013-Ohio-4922, ¶ 9.

{¶21} In the instant matter, the trial court was neither required to use talismanic words nor the precise language of R.C. 2929.11 and 2929.12 at sentencing. After reviewing the record, it is clear that the trial court properly considered both R.C. 2929.11 and 2929.12 when sentencing appellant. Furthermore, appellant cannot affirmatively show that the trial court failed to consider R.C. 2929.11 and 2929.12.

{¶22} Accordingly, appellant's first assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶23} In his second assignment of error, appellant argues that trial counsel's failure to offer mitigating evidence at sentencing constituted ineffective assistance. Specifically, appellant argues that trial counsel failed to address his substance abuse issue at sentencing.

{¶24} Reversal of a conviction for ineffective assistance of counsel requires a defendant to show that (1) counsel's performance was deficient, and (2) the deficient

performance prejudiced the defense. *State v. Smith*, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

**{¶25}** To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland* at 687-688, 694; *Bradley* at paragraphs two and three of the syllabus.

**{¶26}** In evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. *Strickland* at 689. "A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

**{¶27}** In the instant matter, regarding the first *Strickland* prong, appellant argues counsel's assistance was ineffective because he failed to request a substance abuse

referral. Both appellant and his counsel raised appellant's substance abuse issue in the trial court.

{¶28} First, appellant explained his actions to the trial court. Appellant advised the trial court that he had "been around drugs all [his] life." Appellant stated that on the day he was arrested for drug possession, he had "bonded out" of jail from a child support hold. Appellant stated that going to jail was a trigger for him:

> That was a trigger for me, I guess. Going to jail, I spent all my money getting out, my rent money, my daughter's karate money. It was just a trigger.

> The first thing I wanted to do was get high, and that's what I did.

Appellant further explained that he had been on the right path and was complying with the terms of his probation in CR-13-579131-A:

> I did a year and a month clean with Judge Astrab. I paid all my fines, court costs, went to all programming, even went to AA/NA for the entire year and a half, four times a week. Did schooling.

> I thought I was over [the drug use]. I thought I kicked the habit. I didn't. One trigger just caused everything, a chain of events. It's like the domino effect. Everything went downhill from there.

{¶29} Second, appellant's counsel informed the trial court that appellant may need treatment for alcoholism. Appellant's counsel stated that appellant "had drug problems in the past" and "had relapsed." Furthermore, appellant's counsel stated, "[appellant], obviously, has, you know, was clean for a year before he picked up these new charges and, you know, he would be amenable to community control sanctions and, you know, maybe some drug treatment, along those lines."

**{¶30}** In support of his ineffective assistance of counsel claim, appellant emphasizes the following colloquy that took place at the change of plea hearing:

> The Court: Is there a request for a referral for mental health issues or substance abuse issues?

> Appellant's counsel: No, your honor.

Appellant claims that his substance abuse problem was evident based on his extensive criminal history of drug-related charges. Furthermore, appellant argues that his counsel was aware of his substance abuse problem, and that he was unduly prejudiced by counsel's failure to request a substance abuse referral. We disagree.

**{¶31}** Based on the statements of appellant and his counsel, the trial court was aware of appellant's substance abuse issue. The trial court acknowledged that appellant's drug use "seems to be the problem here." Furthermore, because the trial court ordered a presentence investigation report ("PSI"), the trial court had access to all of the pertinent information regarding appellant's history of drug-related charges. There is no indication as to what appellant's counsel could have presented at sentencing regarding his substance abuse issue that the trial court was not already aware of.

**{¶32}** Regarding the second *Strickland* prong, appellant argues that counsel's failure to request a substance abuse referral "directly affecting the sentencing" and "ultimately resulted in [appellant] being sentenced to 36 months in prison, the maximum amount, on all charges."

**{¶33}** Assuming, arguendo, that counsel's failure to request a substance abuse referral constituted deficient performance, appellant cannot demonstrate that he was

prejudiced by counsel's alleged errors, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland*, 466 U.S. at 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674; *see also Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373, at paragraphs two and three of the syllabus.

**{¶34}** We find no merit to appellant's argument that he would not have received the maximum sentences for having weapons while under disability and drug possession if his counsel had requested a substance abuse referral. As previously stated, the trial court was aware of appellant's substance abuse issue based on appellant's and his counsel's statements, and the PSI report illustrating appellant's history of drug-related charges. Appellant cannot demonstrate that the trial court's sentence would have been different if his counsel had raised his substance abuse issue or requested a substance abuse referral.

**{¶35}** At the sentencing hearing, the trial court acknowledged appellant's recurring drug problem. However, based on appellant's lengthy criminal history, the fact that he committed the having weapons while under disability and drug possession offenses while he was on probation in CR-13-579131-A, and the probation officer's classification of appellant as "very high risk," the trial court imposed the maximum sentences.

**{¶36}** Accordingly, appellant cannot meet his requirement of demonstrating prejudice under *Strickland*.

**{¶37}** Based on the foregoing analysis, we cannot say that appellant's counsel rendered ineffective assistance. Appellant's second assignment of error is overruled.

### III. Conclusion

**{¶38}** The trial court's sentences for appellant's having weapons while under disability and drug possession offenses were within the statutory range. The record in this case reflects that the trial court considered both R.C. 2929.11 and 2929.12 when sentencing appellant. Furthermore, the trial court's sentencing entry states that it "considered all required factors of law." Accordingly, appellant cannot affirmatively show that the trial court failed to consider R.C. 2929.11 and 2929.12. Appellant's first assignment of error is overruled.

**{¶39}** Appellant's counsel did not render ineffective assistance of counsel by failing to request a substance abuse referral. Based on appellant's and his counsel's statements during the sentencing hearing, the trial court was aware of appellant's substance abuse issue. The trial court specifically acknowledged that appellant's drug use "seems to be the problem here." There is no indication as to what appellant's counsel could have presented at sentencing regarding his substance abuse issue that the trial court was not already aware of. Finally, appellant cannot demonstrate a reasonable probability that the result would have been different if his counsel had requested a substance abuse referral. Accordingly, appellant's second assignment of error is overruled.

**{¶40}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, P.J., and
SEAN C. GALLAGHER, J., CONCUR