[Cite as *State v. Taylor*, 2018-Ohio-686.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105775**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**CHARLES TAYLOR**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-612123-A

**BEFORE:** Laster Mays, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 22, 2018

-i-

ATTORNEY FOR APPELLANT

Michael A. Partlow
112 South Water Street, Suite C
Kent, Ohio 44240


ATTORNEYS FOR APPELLEE

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Zachary M. Humphrey
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


ANITA LASTER MAYS, P.J.:

{¶1} Defendant-appellant Charles Taylor ("Taylor") appeals his sentence and asks this court to vacate his sentence and remand to the trial court for resentencing.   We affirm.

{¶2} Taylor pleaded guilty to one count of having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(3), which included a forfeiture specification; and one count of aggravated menacing, a first- degree misdemeanor, in violation of R.C. 2903.21(A).   He was sentenced to 24 months in prison.

I.     Facts

{¶3} On November 30, 2016, a 911 caller stated that while she was walking to her apartment, a man pointed a gun at her from the backseat of a Chevy Tahoe.   When the police officers arrived, they located the Chevy Tahoe and observed Taylor in the backseat.   The police officers observed a handgun in plain view in the vehicle.   Taylor admitted the gun was his and

was arrested.

{¶4} Before accepting Taylor's plea, the court engaged in a full colloquy pursuant to Crim.R. 11. The court specifically stated, "Mr. Taylor, you'll plead guilty to having weapons under disability. That is a [third]-degree felony, which carries with it the possibility of punishment of between 9 months and 36 months, in various increments, and a fine of up to $10,000." (Tr. 11.) The court then asked Taylor if he understood the penalties, to which Taylor stated that he did.

{¶5} In deciding Taylor's sentence, the court stated,

[t]he Court has considered the seriousness and recidivism factors, and purposes and principles for sentencing statutes. This is the second case where he has had a weapon under disability. The Court is going to impose a 24-month prison sentence on Count 1 concurrent with 180 days on Count 3.

(Tr. 33-34.)

{¶6} Taylor filed this appeal assigning one error for our review:

I. The trial court erred by sentencing appellant to an aggregate term of 24 months incarceration as the record clearly does not support such a sentence.

## II. Sentencing

### A. Standard of Review

{¶7} In reviewing felony sentences,

[w]e review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 21-23. Under R.C. 2953.08(G)(2), an appellate court must "review the record, including the findings underlying the sentence * * * given by the sentencing court." An appellate court "may increase, reduce, or otherwise modify a sentence" or it may vacate a sentence and remand the matter to the trial court for resentencing if it "clearly and convincingly finds either that: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant" or (2) "the

sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *Marcum* at ¶ 1, 21-23. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *See, e.g.*, *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 8, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10. When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23.

*State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 58 (8th Dist.).

## B. Law and Analysis

{¶8} Taylor, in his sole assignment of error, argues that the trial court erred by sentencing him to 24 months incarceration because the record does not support such a sentence.

A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

*State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7.

{¶9} The trial court sentenced Taylor to 24 months imprisonment. According to R.C. 2929.14(A)(3)(b),

if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following: For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

The sentencing range for a felony of the third degree is nine to thirty-six months. Taylor's sentence did not fall outside of the statutory range for the degree of his offense. We find that Taylor's sentence is not contrary to law.

{¶10} Additionally, we find that the trial court did not fail to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. Reviewing the record, the trial court heard from the state, defense counsel and Taylor. The trial court then recited information from Taylor's presentence investigation report. At the conclusion of the trial court's recitation, it stated that it had considered "the seriousness and recidivism factors, and purposes and principles for sentencing statutes." (Tr. 33.)

{¶11} When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. *State v. Carrion*, 8th Dist. Cuyahoga Nos. 103393 and 103394, 2016-Ohio-2942, ¶ 8.

{¶12} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. *Id.* at ¶ 9.

{¶13} Thus, although the trial court must consider the principles and purposes of sentencing as well as the mitigating factors, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist.

Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.   In fact, consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise, *State v. Weaver*, 8th Dist. Cuyahoga No. 102909, 2016-Ohio-811, ¶ 17, citing *Jones*, and a trial court's statement in its sentencing entry that it considered the required statutory factors is sufficient to fulfill this obligation.   *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.   *State v. Cole*, 8th Dist. Cuyahoga Nos. 103187, 103188, 103189, and 103190, 2016-Ohio-2936, ¶ 82.

{¶14} In this case, the record reveals that the trial court considered the required statutory factors in its statement to Taylor and in its sentencing entry.   Taylor's sole assignment of error is overruled.

{¶15} Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
FRANK D. CELEBREZZE, JR., J., CONCURS IN JUDGMENT ONLY