[Cite as *State v. Brooks*, 2019-Ohio-456.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 107039**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**STEPHEN BROOKS**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-18-625011-A

**BEFORE:**     Jones, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   February 7, 2019

**ATTORNEY FOR APPELLANT**

Mary Catherine Corrigan
Jordan Sidoti, L.L.P.
50 Public Square
Terminal Tower, Suite 1900
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY: Brandon Piteo
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Stephen Brooks ("Brooks") challenges his 54-month prison sentence, which included consecutive terms. For the reasons that follow, we affirm.

{¶2} In mid-January 2018, Brooks was charged with 16 crimes as a result of his early-January 2018 break-in at an office building on Chagrin Boulevard in Beachwood, Ohio. Several tenants in the building were the victims of the crimes.

{¶3} After plea negotiations with the state, Brooks pled guilty to the following counts:

- Count 1, breaking and entering (victim, Ohio Title Corporation)

- Count 2, grand theft (victim, Ohio Title Corporation)

- Count 4, breaking and entering (victim, Center for Effective Living)

- Count 5, breaking and entering (victim, Mindful Moments)

- Count 6, breaking and entering (victim, Dynamic Energy)

- Count 7, breaking and entering (victim, Chagrin Family Dentistry)

- Count 8, breaking and entering (victim, Weight Management)

- Count 13, attempted breaking and entering (victim, Right at Home)

- Count 14, attempted breaking and entering (victim, Dr. Lisa Demour)

- Count 15, attempted breaking and entering (victim, American Financial Network)

- Count 16, attempted breaking and entering (victim, Allstate Insurance).

The remaining counts were nolled.

{¶4} In March 2018, the trial court sentenced Brooks to an aggregate prison term of 54 months, consisting of the following terms: six months consecutive on Counts 1, 4, 5, 6, 7, and 8; 18 months on Count 2, to be served consecutive to the above mentioned sentence; and 180 days on Counts 13, 14, 15, and 16, to be served concurrent to each other and the other terms.

{¶5} At the time Brooks committed these crimes, he was on community control sanctions for another case; those sanctions were set to end in July 2020. One of the conditions of the sanctions was that Brooks be placed on GPS monitoring. He started being monitored in July 2017.

{¶6} According to his probation officer, Brooks did "very well" and was "very compliant" while being monitored. The probation officer told the court that Brooks "continuously" asked when his monitoring would end. The monitoring ended in December 2017, presumably because Brooks was doing so well while on it. However, Brooks committed these crimes approximately one month after he was released from monitoring. To that end, the trial court noted that Brooks "does well in a controlled situation, either with GPS [or] presumably prison, but does not do well in an uncontrolled environment."

{¶7} Brooks asked the trial court to give him another chance, and sentence him to

community control sanctions in this case (and continue his community control sanctions on his other case). The trial court denied the request and sentenced Brooks to prison, including consecutive terms, as already discussed. Brooks now appeals, raising the following assignments of error for our review:

I. The trial court's sentence was contrary to law.

II. The record does not support the findings that consecutive sentences were appropriate.

III. The trial court erred by failing to merge Counts 1 and 2 for the purposes of sentencing.

{¶8} R.C. 2953.08(G)(2) provides, in part, that when reviewing felony sentences, the appellate court's standard is not whether the sentencing court abused its discretion; rather, if this court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under" R.C. Chapter 2929 or (2) "the sentence is otherwise contrary to law," then we may conclude that the court erred in sentencing. *See also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23.

{¶9} In his first assignment of error, Brooks contends that his sentence was contrary to law because the trial court failed to consider R.C. 2929.11 and 2929.12 when sentencing him.

{¶10} R.C. 2929.11(A) establishes that the overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Although sentencing courts have discretion to determine how best to comply with these purposes, R.C. 2929.12 provides a list of factors that courts must consider in felony sentencing. Sentencing courts must carefully consider these purposes and factors, but "it is not necessary for the trial court to articulate its consideration of each individual factor as long as it is evident from the record that the principles of sentencing were considered." *State v. Gonzalez*, 8th Dist. Cuyahoga

No. 102579, 2015-Ohio-4765, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 89236, 2008-Ohio-1942, ¶ 10. "Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise." *State v. Carrion*, 8th Dist. Cuyahoga Nos. 103393 and 103394, 2016-Ohio-2942, ¶ 10.

{¶11} Upon review, we find that the trial court considered the relevant factors in R.C. 2929.11 and 2929.12 and, therefore, Brooks's sentence was not contrary to law. First, the trial court's sentencing entry states that it "considered all required factors of the law [and] finds that prison is consistent with the purposes of R.C. 2929.11." Further, the record indicates that the factors were addressed at the sentencing hearing. For example, the trial court considered the following: the economic harm suffered by the victims (R.C. 2929.12(B)(2)); mitigation (R.C. 2929.12(C)(4)); and Brooks's history of criminal convictions (R.C. 2929.12(D)(2) and (3)).

{¶12} In regard to R.C. 2929.11, which governs the purposes of felony sentencing, we are not persuaded by Brooks's contention that the trial court made "an unconscionable and arbitrary" decision to impose a prison term. The record is clear that, after considering the factors under R.C. 2929.12, there were numerous reasons justifying a prison term for Brooks. Moreover, R.C. 2929.11 does not require the trial court to impose the "minimum sanctions available," as Brooks suggests. Rather, the statute required the trial court to use the "minimum sanctions that the court determines accomplish those purposes [of felony sentencing] * * *." R.C. 2929.11(A).

{¶13} In light of the above, the sentence was not contrary to law, and the first assignment of error is overruled.

{¶14} In his second assignment of error, Brooks contends that the record does not support the trial court's imposition of consecutive sentences.

{¶15} As mentioned, we review felony sentences under the standard set forth in R.C.

2953.08(G)(2). *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶16} A trial court must make specified findings pursuant to R.C. 2929.14(C)(4) before it imposes consecutive sentences. *State v. Magwood*, 8th Dist. Cuyahoga No. 105885, 2018-Ohio-1634, ¶ 62. Specifically, the court must find: (1) consecutive terms are required to protect the public from future crime or to punish the offender, (2) consecutive terms are not disproportionate to the seriousness of the conduct and danger posed to the public, and (3) either the offender committed at least one offense while awaiting trial or sentencing, that multiple offenses were part of a course of conduct and the harm caused was so great or unusual that a single term does not adequately reflect the seriousness of the offender's conduct, or that the offender's criminal history is such that consecutive terms are necessary to protect the public. R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 22, 26. In addition to making the findings at the sentencing hearing, the trial court must also "incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Bonnell* at ¶ 37.

{¶17} The trial court made the requisite findings as follows:

I am imposing multiple prison terms [on] a consecutive basis because it's necessary to protect the public from future crime, or to punish the offender; * * * consecutive sentences are not disproportionate to the seriousness of your conduct and the danger imposes to the public. * * * [T]hese [crimes] are part of a course of conduct and harm such that multiple offenses should be considered; consecutive sentences, because they're so great or unusual and no single term will satisfy or adequately reflect the seriousness of your conduct. In addition, you have a history of criminal conduct that demonstrates consecutive sentences are necessary to protect the public from future crime from the offender. And you're on

probation to me in a case and on post-release control. So in my view, any one of the following that I mentioned apply, and all of the following that mention apply in your situation.

{¶18} Based on the above, the trial court made the requisite findings under R.C. 2929.14(C)(4). Brooks contends, however, that the record did not support the imposition of consecutive sentences. We disagree.

{¶19} The record demonstrates that Brooks has a criminal history and that he did not respond well to lighter sanctions that were previously placed on him. By way of example, he committed these crimes while he was on community control sanctions for another case, and shortly after he was released from GPS monitoring.

{¶20} In regard to the proportionality finding under R.C. 2929.14(C), the state provided the trial court with a description of Brooks's conduct, which resulted in at least nine different police reports, demonstrating that consecutive sentences would not be disproportionate to the seriousness of his conduct or to the danger he posed to the public:

> An office building on Chagrin Boulevard in Beachwood was broken into by the defendant. It was essentially a raid of the various offices there. The doors were either broken in or attempted to be broken in. There was damage to each of the offices to varying degrees, * * * the greatest damage was [to] Weight Management Partners, they said $4,500 worth of file cabinets were damaged or destroyed. There were several thousand dollars worth of hard drives taken from Ohio Title Corporation.

{¶21} In light of the above, the record supported the trial court's imposition of consecutive sentences. The second assignment of error is overruled.

{¶22} For his final assigned error, Brooks contends that Counts 1 and 2, breaking and entering and grand theft, respectively, which pertained to the same victim (Ohio Title Corporation), should have merged for the purpose of sentencing.

{¶23} R.C. 2941.25, the allied offenses statute, codifies the constitutional right against double jeopardy, thus prohibiting multiple punishments for the same offense. *State v.*

*Robinson*, 8th Dist. Cuyahoga No. 99917, 2014-Ohio-2973, ¶ 53, citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 23. The statute provides when multiple punishments can and cannot be imposed:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25; *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 12.

**{¶24}** In *Ruff*, the Ohio Supreme Court explained that when a defendant's conduct constitutes a single offense, the defendant may only be convicted and sentenced for that offense. *Id.* at ¶ 24. However, when the conduct "supports more than one offense, the court must determine whether the offenses merge or whether the defendant may be convicted of separate offenses." *Id.*

**{¶25}** To make this determination, the trial court must necessarily consider the defendant's conduct, specifically considering "how were the offenses committed." *Id.* at ¶ 25. In making this determination, the court must evaluate the defendant's conduct, his or her animus, and the import of the offenses:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation?

*Id.* at ¶ 31.   If the answer is "yes" to any of the above, the defendant may be convicted of all of the offenses separately.   *Id.*

{¶26} The court in *Ruff* continued to explain that

> [w]hen a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts.   Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense.

*Id.* at ¶ 26; *State v. Black*, 2016-Ohio-383, 58 N.E.3d 561, ¶ 12 (8th Dist.).

{¶27} The trial court conducted a merger analysis of the subject counts at the sentencing hearing and found that they did not merge.   The court reasoned that although the

> indictment for breaking and entering * * * does say with the purpose to commit a theft therein * * * that doesn't necessarily mean that if you carry out that purpose that that necessarily merges, because you could decide not to carry out that purpose and not commit the theft, but thereafter leave, which would constitute breaking and entering, but would not constitute grand theft.

{¶28} We agree with the trial court.   Although it may be true that Brooks committed the crimes relative to Ohio Title Corporation with the same animus or motivation, which is the third test under *Ruff*, and which would suggest that the crimes merge, applying the other two Ruff factors to this case demonstrates that the counts do not merge.

{¶29} In regard to the first factor — whether the offenses were dissimilar in import or significance — the breaking and entering caused damage to Ohio Title Corporation distinct from the damage caused by the theft.   The doors to the business were damaged by the breaking and entering.   The damage suffered by the business due to the theft consisted of the loss of several of its computer hard drives.   The harm was dissimilar.

{¶30} In regard to the second *Ruff* factor — whether the crimes were committed separately — we find that they were.   The breaking and entering was committed upon Brooks's

unauthorized entrance into the business, and the theft was committed later, after he removed the hard drives from the property.    The theft did not occur as a result of the break in.

{¶31} On this record, the trial court properly declined to merge Counts 1 and 2, breaking and entering and grand theft, respectively.    The third assignment of error is therefore overruled.

{¶32} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR