[Cite as *State v. Stapleton*, 2021-Ohio-3281.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-12-133 |
| - vs - | : | O P I N I O N<br>9/20/2021 |
| | : | |
| JACK RON STAPLETON, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2020-05-0572

Michael T. Gmoser, Butler County Prosecuting Attorney, and John C. Heinkel, Assistant Prosecuting Attorney, for appellee.

Michele Temmel, for appellant.

**PIPER, P.J.**

{¶ 1}   Appellant, Jack Stapleton, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to felonious assault.

{¶ 2}   Stapleton was indicted on seven counts related to an incident in which he trespassed into the victim's apartment and caused her serious physical harm.  By virtue of a plea agreement, Stapleton agreed to plead guilty to felonious assault and the remaining

charges were dismissed by the state.

{¶ 3} After a presentence investigation and a sentencing hearing, the trial court sentenced Stapleton to an indefinite sentence of five to seven and one-half years. Stapleton now appeals his sentence, raising the following assignments of error:

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT IMPROPERLY PRESUMED THAT OHIO REVISED CODE 2967.271 IS CONSTITUTIONAL.

{¶ 6} Stapleton essentially challenges the constitutionality of the Reagan Tokes Act in his first assignment of error. However, he did not raise the issue before the trial court. It is well established that the question of the constitutionality of a statute must be raised at the first opportunity and, in a criminal prosecution, this means in the trial court. *State v. Buttery*, Slip Opinion No. 2020-Ohio-2998, ¶ 7. Consequently, by not first raising the issue with the trial court, Stapleton's arguments challenging the constitutionality of R.C. 2967.271 are forfeited and will not be heard for the first time on appeal. *State v. Teasley*, 12th Dist. Butler No. CA2020-01-001, 2020-Ohio-4626, ¶ 9; *State v. Singh*, 12th Dist. Warren No. CA2020-09-056, 2021-Ohio-2158, ¶ 53.

{¶ 7} Even so, we note that this court has addressed the arguments raised by Stapleton, including due process and separation of powers, and has declined to find those arguments persuasive. *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353, ¶ 11; *State v. Suder*, 12th Dist. Clermont Nos. CA2020-06-034 and CA2020-06-035, 2021-Ohio-465, ¶ 27.

{¶ 8} Stapleton's first assignment of error is overruled.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT FAILED TO CONSIDER R.C. §2929.11 AND §2929.12 AT SENTENCING.

{¶ 11} Stapleton argues in his second assignment of error that the trial court erred in sentencing him without first adhering to the statutory sentencing requirements.

{¶ 12} An appellate court reviews an imposed sentence according to R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. R.C. 2953.08(G)(2) provides that an appellate court can modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.

{¶ 13} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 14} A trial court's sentencing decision is not contrary to law merely because the court failed to make an explicit reference to either R.C. 2929.11 or 2929.12 at the sentencing hearing. *State v. Hall*, 12th Dist. Warren No. CA2011-05-043, 2011-Ohio-5748; *State v. Hensley*, 12th Dist. Butler No. CA2011-04-078, 2011-Ohio-6350, ¶ 7. A trial court is not required to state any talismanic language when imposing a sentence. *State v. Kuykendall*, 12th Dist. Clermont No. CA2004-12-111, 2005-Ohio-6872, ¶ 24. "The statutory language itself does not have magical powers. Instead, it is merely a vehicle to ensure that the trial court engaged in the required analysis." *Id.*

{¶ 15} There is no requirement in the statutes that the trial court cite to the statutes or name them by title during the sentencing hearing. *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist. 1995). R.C. 2929.11 and 2929.12 do not require judicial fact finding so that the court is not obligated to use particular language or make specific findings on the record

regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 31. "Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise." *State v. Carrion*, 8th Dist. Cuyahoga Nos. 103393 and 103394, 2016-Ohio-2942, ¶ 10. Even so, there must be some reference in the record that the trial court considered the statutory requirements. *State v. Warren*, 12th Dist. Clermont No. CA2012-12-087, 2013-Ohio-3483, ¶ 16.

{¶ 16} Stapleton does not assert that his sentence was outside the statutory range, or that the trial court failed to impose postrelease control. Instead, he argues that his sentence is contrary to law because the trial court failed to consider the requisite statutory considerations. While Stapleton is correct that the trial court did not specifically cite either R.C. 2929.11 or 2929.12 during sentencing, or name the titles of those statutes as the purposes of sentencing and recidivism factors, the record demonstrates the trial court's proper consideration of the requisite statutes.

{¶ 17} During the sentencing hearing, the trial court specifically addressed Stapleton and noted that he had "some redeeming qualities," asked questions of Stapleton, inquired into Stapleton's history, and reiterated the details of the crime when speaking to Stapleton of the considerations it had made. Further, the trial court specifically noted that it had considered "everything [the court had] been presented," which included the presentence-investigative report and Stapleton's ample criminal history.

{¶ 18} Moreover, the trial court expressly noted its consideration of the requisite considerations in its sentencing entry wherein the trial court stated,

> The Court has considered the record, the charges, the defendant's Guilty Plea, and findings as set forth on the record and herein, oral statements, any victim impact statement and pre-sentence report, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12 and whether or not community

control is appropriate pursuant to Ohio Revised Code Section 2929.13 * * *

{¶ 19} These written assertions reflect the considerations the trial court discussed at the hearing, including those specifically required by statute. Thus, the record demonstrates that the trial court properly considered the statutory requirements before sentencing Stapleton. *See State v. Gant*, 7th Dist. No. 04 MA 252, 2006-Ohio-1469, ¶60 (nothing in the requisite statutes or the decisions of the Ohio Supreme Court impose any duty on the trial court to set forth its findings), *State v. Hughes*, 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each statutory factor individually or to make a finding as to whether such factors were applicable).

{¶ 20} We note that the better practice is for the trial court to specifically note its consideration of required statutes during the sentencing hearing while addressing the defendant. However, and as we noted in *State v. Hall*, although a statement on the record at the sentencing hearing making specific reference to the statutes would have likely clarified the issue for the defendant, the lack thereof does not render the sentence contrary to law. 2011-Ohio-5748, ¶ 7. Thus, Stapleton's second assignment of error is overruled.

{¶ 21} Judgment affirmed.

S. POWELL and M. POWELL, JJ., concur.