[Cite as *State v. Stevens*, 2013-Ohio-5218.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130278 |
| | | TRIAL NO. B-1208390 |
| Plaintiff-Appellant, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| RAYMOND STEVENS, | : | |
| | | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: November 27, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Christine Jones* and *Angela Glaser*, Assistant Hamilton County Public Defenders, for Defendant-Appellee.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}    Following a bench trial, defendant-appellant Raymond Stevens was found guilty of the robbery of Brooke Huerkamp.  The trial court sentenced him to three years in prison.  Stevens now appeals.  In three assignments of error, he argues that his robbery conviction is against the weight and sufficiency of the evidence and that the trial court erred in imposing a three-year prison term. Finding none of his arguments meritorious, we affirm the trial court's judgment.

### *The Robbery*

{¶2}    At trial, Huerkamp testified that she was walking from one bar to another around 1:30 a.m. when Stevens approached her in the parking lot of a local business and asked her for a cigarette.   She was alone and didn't want any trouble, so she gave Stevens a cigarette.   She talked with Stevens for approximately five minutes.   After Stevens had smoked his cigarette, he punched Huerkamp under her left eye and took her wallet.  Huerkamp ran after Stevens and punched him.  Stevens then slid her wallet across the ground.  When Huerkamp looked inside her wallet, all her cash was gone.  She immediately called 911 and reported the incident.

{¶3}    The tape of Huerkamp's 911 call was played at trial.   On the tape, Huerkamp states at one point that she "went to chase after him and he punched me in the face and ran down Findlay. But [he] took the money out of my wallet."  Then she says, "He punched me in the face and took the money out of my wallet."  She later states that Stevens "was in her wallet."  She punched him and said, "No, just leave my wallet.  Get off my wallet.  And I punched him in the face.  I said leave my wallet and got the cash out of it and I punched him in the parking lot.  *  *  *  I punched him and then he punched me back."

2

**{¶4}** During cross-examination at trial, Huerkamp was asked if she punched Stevens first. She stated that Stevens had punched her first, grabbed her wallet, and ran. She said her statement to the 911 operator that she had punched Stevens first and that he had then punched her back, would have been false.

**{¶5}** The state and Stevens's counsel stipulated that the police officer who responded to the scene would have testified that Huerkamp had identified Stevens as the perpetrator of the robbery shortly after the offense and that the officer had not noticed any injuries to Huerkamp.

**{¶6}** Stevens also testified at the trial. He provided a different version of events. Stevens testified that Huerkamp was so drunk that she had had difficulty walking. He stated that he had approached Huerkamp and they had smoked a joint together. Huerkamp had then offered to give him six $1 bills, which he had declined. He had then grabbed Huerkamp's wallet from her purse, had taken the money from inside her wallet, and had tossed it back to her. He started walking away. Huerkamp had then run after him, hitting him in the head multiple times. He denied punching Huerkamp in the face.

### Weight and Sufficiency of the Evidence

**{¶7}** In his first and second assignments of error, Stevens challenges the weight and sufficiency of the evidence adduced to support his robbery conviction.

**{¶8}** When a defendant claims that a conviction is supported by insufficient evidence, this court must review the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found all the elements of the crime proved beyond a reasonable doubt. *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978). When a defendant claims that his conviction is against the manifest weight of the evidence, this court must weigh the evidence

and the credibility of the witnesses to determine if the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

{¶9} Stevens argues that the state failed to prove that he had "inflicted or attempted to inflict any physical harm" on Huerkamp while committing a theft offense or while fleeing immediately after committing a theft offense. *See* R.C. 2911.02(A)(2). We disagree. Huerkamp's trial testimony, if believed, was sufficient to prove that Stevens had inflicted physical harm on her while committing the theft offense. *See State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). While Stevens testified that he did not punch Huerkamp, the trial court was free to reject his testimony. Given our review of the record, we cannot conclude that Huerkamp's testimony was so unreliable or unworthy of belief that the trial court lost its way and created a manifest miscarriage of justice in finding Stevens guilty. We, therefore, overrule Stevens's first and second assignments of error.

### *Three-Year Prison Sentence*

{¶10} In his third assignment of error, Stevens challenges his three-year prison sentence. He argues that the trial court abused its discretion in imposing more than the minimum prison term for the robbery offense because Huerkamp did not suffer any significant physical harm, and that the trial court failed to make the proper findings before imposing his sentence.

{¶11} But after the effective date of 2011 Am.Sub.H.B. 86, we no longer review sentences under an abuse of discretion standard. *State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶ 9. Rather, we apply the standard articulated in R.C. 2953.08(G)(2). "Under R.C. 2953.08(G)(2), we may only modify or vacate [a defendant's] sentence if we 'clearly and convincingly find' that either (1)

4

the record does not support the mandatory sentencing findings or (2) that the sentence is 'otherwise contrary to law.' " *Id.* at ¶ 11.

{¶12}   Stevens does not argue what findings the trial court failed to make. This court has repeatedly held that R.C. 2929.11 and 2929.12 are not "fact finding" statutes, and that we may presume a trial court has considered these factors absent an affirmative demonstration by a defendant to the contrary.   *State v. Kennedy*, 1st Dist. Hamilton No. C-120337, 2013-Ohio-4221, ¶ 118.  The record, moreover, reflects that the trial court considered Stevens's extensive prior criminal history, and that his three-year prison sentence was within the range of prison sentences for a second-degree felony.   As a result, we cannot clearly and convincingly find that his sentence is contrary to law.  We, therefore, overrule his third assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HENDON, P.J,** and **CUNNINGHAM, J.,** concur.

Please note:

The court has recorded its own entry this date.