[Cite as *State v. Jones*, 2014-Ohio-29.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99759**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DARRICK JONES

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-555501, CR-555628, and CR-556053

**BEFORE:** S. Gallagher, P.J., Kilbane, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 9, 2014

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, OH   44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Denise J. Salerno
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** Appellant Darrick Jones appeals from the sentence imposed upon his resentencing. For the reasons stated herein, we reverse his sentence and remand for another resentencing.

**{¶2}** Appellant was indicted in three separate cases, Cuyahoga C.P. Nos. CR-555501, CR-556053, CR-555628, which were combined for plea proceedings and sentencing, with various offenses arising from a string of burglaries and related crimes. After pleading guilty to multiple counts, and the dismissal of the remaining charges, appellant was sentenced to a total prison term of 32 years.

**{¶3}** On appeal in *State v. Jones*, 8th Dist. Cuyahoga No. 98371, 2013-Ohio-489 ("*Jones* I"), the court affirmed appellant's conviction but reversed the original sentence that was imposed because the trial court failed to make the statutorily required findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. *Id.*

**{¶4}** Upon remand, the trial court imposed an aggregate prison term of 24 years. The court reasoned, "I think it's a more reasonable response to this string of very serious crimes. But I think a lower sentence does reflect your youth and your lack of significant prior criminal activity."

**{¶5}** In addressing statutory findings for imposing consecutive sentences, the trial court stated:

> I have re-read the presentence report in these cases. I have re-read the Court of Appeals' opinion. I continue to believe that the sentences that I imposed were reasonable under the circumstances.

I will note for the record that the offenses were part of a course of conduct, and the harm caused by them was so great that no single term adequately reflects the seriousness of your conduct, Mr. Jones.

At the same time, looking at the three cases and the lengthy sentences on each, I have concluded that the imposing of three consecutive sentences is, while justified, perhaps longer than is necessary to adequately punish you or to protect the public.

Accordingly, the sentence will remain the same, except that in 555501 it will be ordered to be served concurrently with the sentences in the other two cases.

So that means that the eleven-year sentence will be served concurrently with sentences of ten years and eleven years on Case Nos. 555628 and 556053. In other words, you are going to be doing a combined sentence of 21 years, rather than 32 years in prison.

Given your age, lack of any significant prior history, I think this is probably a more reasonable resolution, looking at this eleven months later.

Although the trial court stated it was imposing a combined sentence of 21 years, it later indicated that it was a 24-year prison term.

{¶6} Appellant timely appealed. He raises two assignments of error for our review. Under his first assignment of error, appellant argues that the trial court failed to make the required proportionality finding under R.C. 2929.14(C)(4), that the record fails to reflect that the trial court considered proportionality and consistency as required by R.C. 2929.11(B), and that the 24-year prison sentence is well beyond the mainstream of local judicial practice.

{¶7} Appellate courts review consecutive sentences using the standard set forth in R.C. 2953.08. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 10 (8th Dist.). R.C. 2953.08(G)(2) provides two grounds for an appellate court to overturn the imposition of

consecutive sentences: (1) the appellate court, upon its review, clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4), or (2) the sentence is "otherwise contrary to law." *See also Venes* at ¶ 11. The appellate court's standard for review is not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2).

{¶8} R.C. 2929.14(C)(4) requires a trial court to make three separate and distinct findings before imposing consecutive sentences. The statute requires the court to find (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender[,]" (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) that any of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} Compliance with this statute "requires separate and distinct findings in addition to any findings relating to purposes and goals of criminal sentencing." *Venes* at

¶ 17.   A trial court's failure to make these findings is "contrary to law." *Id.* at ¶ 12, citing *State v. Jones*, 93 Ohio St.3d 391, 399, 754 N.E.2d 1252 (2001).

**{¶10}** Our review of the resentencing transcript reflects that the trial court did not make the required finding "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." While the state references statements made by the trial court as to the reasonableness of the sentence, the seriousness of the conduct, and justification for consecutive sentences, those statements are not tantamount to the specific finding required upon the imposition of consecutive sentences.   Furthermore, although the use of "talismanic words" is not necessary, it must be clear from the record that the trial court actually made the required statutory findings.   *State v. Davila*, 8th Dist. Cuyahoga No. 99683, 2013-Ohio-4922, ¶ 9. Because the trial court did not make the proportionality finding required by R.C. 2929.14(C)(4), the sentence is contrary to law.

**{¶11}** Appellant also argues that the record fails to reflect that the trial court considered proportionality and consistency in fashioning the prison sentence and that his sentence is outside the mainstream of local judicial practice.   Because we are remanding the case for resentencing, we need not address these arguments.   However, for purposes of remand, we note that the court must consider the principles and purposes of sentencing in R.C. 2929.11 and the sentencing guidelines contained in R.C. 2929.12.

**{¶12}** R.C. 2929.11 provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing:   (1)

"to protect the public from future crime by the offender and others," and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." The sentence imposed also shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12, and additionally may consider any other relevant factors to achieving those purposes and principles of sentencing. R.C. 2929.12(A).

{¶13} The court is not required to make specific findings of its consideration of these factors. *State v. Carman*, 8th Dist. Cuyahoga No. 99463, 2013-Ohio-4910, ¶ 14; *see also State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. Indeed, R.C. 2929.11 and 2929.12 are not fact-finding statutes, and consideration of the appropriate factors can be presumed unless the defendant affirmatively shows to the contrary. *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12.

{¶14} Because the trial court failed to make the required proportionality finding under R.C. 2929.14(C)(4), we sustain the first assignment of error.

{¶15} Under his second assignment of error, appellant argues that the trial court erred by failing to merge the firearm specifications in Cuyahoga C.P. No. CR-555501 into a single term pursuant to R.C. 2929.14(B)(1)(b). The state concedes the error.

However, the assigned error is now moot, and the matter may be rectified upon resentencing.

{¶16} Appellant's sentence is reversed, and this case is remanded pursuant to R.C. 2953.08(G)(2) with instructions to the trial court to conduct a resentencing hearing and "to state, on the record, the required findings." We recognize the trial court attempted to comply with our mandate in *Jones* I. However, without having made all the necessary findings under R.C. 2929.14(C)(4), we again must remand the matter for resentencing.

{¶17} To ensure compliance with H.B. 86, we would encourage trial courts to utilize a sentencing-findings worksheet and memorialize the required findings from that worksheet on both the record and in the court's journal entry.

> Because a trial court speaks only through its journal, we have long approved the use of a sentencing-findings worksheet to document that the trial court has made the required findings. *E.g., State v. Phillips*, 1st Dist. No. C-960898, 1997 Ohio App. LEXIS 2615 (June 18, 1997); *see also State v. Meister*, 76 Ohio App.3d 15, 19, 600 N.E.2d 1103 (1st Dist.1991). Use of the sentencing-findings worksheet ensures that the trial court has adhered to the applicable statutory mandate. See R.C. 2929.14(C); see also [*State v.*] *Kalish*, 120 Ohio St.3d 23, 2008 Ohio 4912, 896 N.E.2d 124, at ¶ 15. And by documenting the findings in the court's journal, the use of a worksheet also ensures meaningful review of the trial court's sentencing decisions.

*State v. Alexander*, 1st Dist. Nos. C-110828 and C-110829, 2012-Ohio-3349, ¶ 17.

{¶18} Judgment reversed; case remanded.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
PATRICIA ANN BLACKMON, J., CONCUR