[Cite as *State v. Gaines*, 2016-Ohio-4863.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103476

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMELL M. GAINES

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592611-A

**BEFORE:** Celebrezze, J., Blackmon, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** July 7, 2016

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road
Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    Kerry A. Sowul
          Gregory J. Ochocki
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Jamell Gaines ("appellant"), brings this appeal challenging the trial court's sentence for aggravated menacing, domestic violence, having weapons while under disability, and drug possession. Specifically, appellant argues that the trial court's sentence was not commensurate with his offenses. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The instant matter arose from an incident that occurred at appellant's cousin's house where appellant was living at the time. On January 12, 2015, appellant got into an argument with his relatives over an Xbox video game system. During the argument, appellant picked up a loaded handgun and pointed it at his 12-year-old cousin. Police responded to the house and found appellant's gun and cocaine under a mattress.

{¶3} In CR-15-592611-A, the Cuyahoga County Grand Jury returned a four-count indictment charging appellant with (1) felonious assault, in violation of R.C. 2903.11(A)(2), with one- and three-year firearm specifications and a forfeiture specification, (2) domestic violence, in violation of R.C. 2919.25(A), with one- and three-year firearm specifications and a furthermore specification, (3) having weapons while under disability, in violation of R.C. 2923.13(A)(3), with a forfeiture specification, and (4) drug possession, in violation of R.C. 2925.11(A), with a one-year firearm specification and a forfeiture specification. Appellant pled not guilty to the indictment.

{¶4} After exchanging discovery, the parties reached a plea agreement. Appellant pled guilty to an amended Count 1, aggravated menacing, in violation of R.C. 2903.21(A), an amended Count 2, domestic violence, without the furthermore specification, the having weapons while under disability count, and the drug possession count. The state nolled the firearm specifications charged in Counts 1, 2, and 4. The trial court accepted appellant's guilty plea and set the matter for sentencing. Furthermore, the trial court ordered a presentence investigation report ("PSI") and referred appellant to Treatment Accountability for Safer Communities ("TASC") for a drug and alcohol assessment.

{¶5} The trial court held a sentencing hearing on August 10, 2015. At the sentencing hearing, the trial court heard from the prosecutor, appellant's probation officer, defense counsel, and appellant. The trial court sentenced appellant to a prison term of 180 days on Count 1, 180 days on Count 2, 30 months on Count 3, and 12 months on Count 4. The trial court ordered appellant to serve the counts concurrently, for a total prison term of 30 months. The trial court advised appellant that postrelease control is part of his sentence.

{¶6} Appellant filed the instant appeal assigning one error for review:

I. The sentence handed down by the trial court was not commensurate with the crime committed.

## II. Law and Analysis

{¶7} In his sole assignment of error, appellant challenges the trial court's sentence. Appellant argues that the trial court's sentence is "arbitrary, capricious, and

disproportionate to the offenses that he pled guilty to." Furthermore, appellant contends that the trial court's sentence is "clearly excessive in nature" and "more punitive in nature than fair." Appellant suggests that either community control sanctions or a community-based correctional facility ("CBCF") program would have been more appropriate than a prison sentence. In support of his arguments, appellant focuses exclusively on the trial court's consideration, or lack thereof, of R.C. 2929.11 and 2929.12, which govern felony sentencing.[1]

{¶8} When reviewing felony sentences, this court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. In *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, the Ohio Supreme Court held that when a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law

---

[1] Although the trial court sentenced appellant on two first-degree misdemeanors, appellant does not argue that the trial court failed to consider R.C. 2929.21 and 2929.22, which govern misdemeanor sentencing.

only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id*. at ¶ 23.

**{¶9}** When sentencing a defendant, the court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others; and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶10}** The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶11}** R.C. 2929.11 and 2929.12 are not fact-finding statutes. Accordingly, although the trial court must consider the principles and purposes of sentencing as well as

the mitigating factors as outlined above, the court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13. Consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise. *Id.*, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12. Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶12} In the instant matter, appellant asks this court to find his sentence to be arbitrary, capricious, and disproportionate to his offenses. Appellant argues that the trial court's sentence is "clearly excessive in nature" and "contrary to the principles of fair play and substantial justice." We disagree.

{¶13} The trial court sentenced appellant within the statutory range. Pursuant to R.C. 2929.24(A)(1), first-degree misdemeanors carry a maximum jail sentence of 180 days. R.C. 2929.14(A)(3)(b) provides, "[f]or a felony of the third degree * * * the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." Furthermore, R.C. 2929.14(A)(5) provides, "[f]or a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months."

**{¶14}** The trial court imposed the maximum 180-day sentence for aggravated menacing and domestic violence, misdemeanors of the first degree. The trial court imposed 30 months for having weapons while under disability, a felony of the third degree. The trial court imposed the maximum 12-month sentence for drug possession, a felony of the fifth degree. There is no statutory requirement for findings in order to impose the maximum sentences, and a trial court has the discretion to impose a prison sentence within the statutory range. "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum * * * sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus.[2] Because the trial court sentenced appellant within the statutory range, there was no error with the imposition of a maximum sentence on Counts 1, 2, and 4. *See Sutton,* 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 74.

**{¶15}** Appellant further suggests that the trial court failed to consider R.C. 2929.11 and 2929.12 at sentencing. Specifically, appellant contends that the trial court failed to state that it weighed the factors regarding his conduct and failed to state the necessary language regarding whether the sentence was necessary to protect the public and punish him. Furthermore, appellant contends that the trial court failed to consider that he accepted responsibility for his actions, and that the trial court neither considered his drug

---

[2] Superseded in part by statute as discussed in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, and *State v. Sergent*, Slip Opinion No. 2016-Ohio-2696.

and alcohol problem nor the information provided in the TASC assessment.

**{¶16}** The trial court's sentencing journal entry states, in relevant part, "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."

**{¶17}** Aside from the trial court's notation in the sentencing entry that it "considered all required factors of the law" including, specifically, R.C. 2929.11, the record in this case reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant. At the sentencing hearing, the trial court heard from the prosecutor, appellant's probation officer, defense counsel, and appellant.

**{¶18}** First, the prosecutor recommended that the trial court sentence appellant to prison based on his "extensive criminal history." Second, appellant's probation officer stated that appellant violated the terms of his community control sanctions in Cuyahoga C.P. No. CR-13-572694-A on three occasions: (1) he was discharged from the CBCF program, (2) he tested positive for marijuana, and (3) he tested positive for marijuana and alcohol. In Cuyahoga C.P. No. CR-13-572694-A, appellant pled guilty to having weapons while under disability in violation of R.C. 2923.13(A)(2).

**{¶19}** Third, defense counsel stated that appellant "needs a lot of work to get himself to a place where he is a productive member of society." Counsel stated that appellant is "very bright." Counsel stated that appellant's parents had extensive criminal records and, as a result, he essentially "was on his own[.]" Counsel stated that appellant has an alcohol and drug problem and that the TASC assessment revealed alcohol,

cannabis, and hallucinogen dependence. Counsel stated that appellant has been attending one Alcoholics Anonymous meeting per week. Counsel stated that appellant had been sentenced to prison before and that prison "doesn't seem to work" for him. Accordingly, counsel requested that the trial court consider continuing appellant on community control sanctions.

{¶20} Fourth, appellant acknowledged that he has a problem with alcohol and drugs. Furthermore, he acknowledged that he has an anger management problem, and stated that his anger problem is exacerbated when he consumes alcohol. Appellant stated that his anger problem is entirely drug- or alcohol-related.

{¶21} The trial court acknowledged that it had previously given appellant "two shots at CBCF." The trial court stated that it reviewed the PSI and that appellant appeared to be "out of control" when he committed the offenses. The trial court noted that appellant's conduct — drawing a loaded firearm in the presence of children and other family members — created a "dangerous situation." Furthermore, the trial court emphasized that at the time that appellant committed the offenses, he was on probation for having weapons while under disability. The trial court stated that appellant appeared to have "a lot of anger management problems."

{¶22} In imposing appellant's sentence, the trial court stated that it sympathized with appellant's situation. The trial court stated that it "look[ed] at the sentencing guidelines" and considered "the aspects of [the case] that make it more serious, [and] the aspects that make it less serious[.]" The trial court stated that it considered appellant's

criminal history. The trial court concluded that a prison sentence was appropriate.

{¶23} After reviewing the record, we cannot say that the trial court's sentence is clearly and convincingly not supported by the record. Before imposing appellant's sentence, the trial court considered the PSI report, appellant's criminal history, and the facts adduced at the sentencing hearing. The trial court sufficiently set forth its findings in the record for the sentence it imposed.

{¶24} We further find no merit to appellant's argument that the trial court failed to consider the relevant statutory factors under R.C. 2929.11 and 2929.12 at sentencing. The trial court was neither required to use particular language nor make specific findings on the record regarding its consideration of R.C. 2929.11 and 2929.12. Appellant cannot affirmatively show that the trial court failed to consider R.C. 2929.11 and 2929.12 at sentencing.

{¶25} Accordingly, appellant's sole assignment of error is overruled.

### III. Conclusion

{¶26} The trial court's sentences for aggravated menacing, domestic violence, having weapons while under disability, and drug possession were within the statutory range. The trial court's sentencing journal entry states, "[t]he court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Furthermore, the record in this case reflects that the trial court considered R.C. 2929.11 and 2929.12 when sentencing appellant. Accordingly, appellant cannot affirmatively show that the trial court failed to consider R.C. 2929.11

and 2929.12.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
ANITA LASTER MAYS, J., CONCUR