[Cite as *State v. Wenmoth*, 2016-Ohio-5135.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 103520

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES R. WENMOTH

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593473-C

**BEFORE:** Jones, A.J., Keough, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 28, 2016

**ATTORNEY FOR APPELLANT**

Michael H. Murphy
20325 Center Ridge Road, Suite 512
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Kerry A. Sowul
        Amy Venesile
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1}   Defendant-appellant James Wenmoth appeals his six-year sentence, which was imposed after his plea to one count of aggravated robbery, a first-degree felony, with a one-year firearm specification.[1]   We affirm.

{¶2} This case arose from an incident that occurred on February 14, 2015.   On that evening, Wenmoth was walking in the city of Cleveland with a small group of males.   One of the males had a gun and a shot was fired into the air.   The police were called after that first shot was heard.

{¶3} As the police were in route to the scene, the victim, Saned Abdell Qader, was driving down the street where the males were; Qader lived on the street, was returning home, and was at his driveway at the time of the incident.   One of the males approached Qader and asked him if he wanted to "party," to which Qader responded "no."   Qader stated that one of the males pulled a gun on him, and told him to give him everything he had.   Qader had cigarettes and a phone, and as he was about to hand them over, the man "cocked the gun and twisted it."

{¶4} Qader kicked the man, and then two of the other males jumped in the fray and assaulted Qader.   The police arrived on the scene and Wenmoth and a codefendant, Tyshawn Russell, ran, but were apprehended by the police in a backyard.   The weapon was never recovered.   Qader's wife watched the assault from a window in the couple's

---

[1]Wenmoth was indicted on two counts of aggravated robbery, with one- and three-year firearm specifications.

home.   As a result of the assault, Qader had to have extensive dental work done.

{¶5} Detective Daniel Lentz of the Cleveland police spoke at sentencing. Detective Lentz told the court that the investigation revealed that Wenmoth had the gun at some point during the group's encounter with Qader.   The detective told the court that the defendants were deceitful throughout the police's investigation of the case.   Their deceit led to the arrest of one individual who the police later determined had not been involved in the incident.   Their deceit also resulted in an inordinate amount of time spent investigating the case.   For example, Detective Lentz told the court that he listened to 60 jail telephone calls which the defendants were parties to, to determine what occurred in this case.   In the detective's opinion, the defendants "lied to the very end, to the point where they [were] blocked in with so much evidence, they [had] no other choice but to take the plea arrangement."

{¶6} Wenmoth's trial counsel told the court that Wenmoth was cannabis dependent, had disruptive mood disorder, severe stimulant use, and Tourette's Syndrome.  Counsel also told the court that Wenmoth had a mild intellectual disability.   According to counsel, the gun used during the incident was not Wenmoth's, but Wenmoth did take the gun from one of the other males during their encounter with Qader because he had a "problem of lack of proper mental processing and complications * * * [and an] inability to think out processes."   Because of Wenmoth's issues and young age (19 at the time of the offense), counsel asked the court for the minimum sentence.

{¶7} Wenmoth addressed the court and apologized to his own family and to Qader.

He told the court that, at the time of the incident, he had not been taking his prescribed medications, and when he is not medicated, he gets "out of control" and does "stupid things."

{¶8} In sentencing Wenmoth, the court stated that "[w]hat you've presented me today does not outweigh the presumption of going to prison. And so the probability and presumption of going to prison does apply in your case." The court sentenced Wenmoth to one year on the firearm specification, to be served prior to and consecutive to a five-year term on the underlying aggravated robbery.

{¶9} The court distinguished Wenmoth's actions from one of the codefendants, Jonathan Albright, who was sentenced at the same hearing to a one-year prison term for the firearm specification and an 18-month prison term for third-degree robbery, stating:

> And, the difference between your conduct and sentence and the sentence of Mr. Albright is, you had the weapon. You used it. You threatened [Qader] with it. His wife was watching. All of these circumstances place you in a significantly different category than Mr. Albright.

The court further noted that Wenmoth's juvenile record was "significantly greater, both in terms of numbers and in terms of the nature of the charges," than Albright's record.

{¶10} The court also ordered both defendants jointly and severally liable for restitution to Qader in the amount of $6,875, which was the cost of his dental treatments resulting from the assault.[2]

{¶11} Wenmoth's sole assignment of error reads: "The sentence handed down by

---

[2]The court stated that the other defendant, Tyshawn Russell, who was to be sentenced on another date, may also be jointly and severally liable for the restitution amount.

the trial court was not commensurate with the crime committed." For the reasons set forth below, we disagree.

**{¶12}** When reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13. In *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, the Ohio Supreme Court held that when a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* at ¶ 23.

**{¶13}** When sentencing a defendant, the court must consider the sentencing purposes and principles set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) to protect

the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶14} Further, the sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *Hodges* at ¶ 9. R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶15} Wenmoth contends that the trial court erred in the six-year sentence it imposed based on the following: (1) "[n]owhere in the transcript is the 'punish the offender and protect the public' language cited"; (2) the trial court "failed to state that it weighed the factors regarding the offender's conduct"; (3) the trial court did not "give necessary weight" to his mental health and substance abuse issues; and (4) the more than the minimum sentence was "clearly excessive in nature."

{¶16} In regard to Wenmoth's contention that the trial court failed to cite statutory language or make specific findings, R.C. 2929.11 and 2929.12 are not fact-finding statutes. Therefore, although the trial court must consider the principles and purposes of sentencing as well as the mitigating factors as previously outlined, the court is not

required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13.

**{¶17}** Rather, consideration of the appropriate factors can be presumed unless the defendant affirmatively shows otherwise. *Id.*, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218, ¶ 12. Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12. *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9. Here, the sentencing entry states that the court "considered all required factors of the law. The court finds that prison is consistent with the purposes of R.C. 2929.11." That pronouncement was sufficient to satisfy the trial court's requirements under R.C. 2929.11 and 2929.12.

**{¶18}** In regard to consideration of Wenmoth's mental health and substance abuse issues, both Wenmoth and his counsel addressed the court regarding those issues. The court was free to give what weight it desired to those issues, so long as the sentence was within the statutory limits. Finding the presence of a potentially mitigating mental health problem does not preclude a finding that the seriousness of the offense outweighs the mitigating factor. *See State v. Flaugher*, 12th Dist. Clermont No. CA99-04-034, 1999 Ohio App. LEXIS 5242 (Nov. 8, 1999); *State v. Lewis*, 2d Dist. Greene No. 98 CA 70, 1999 Ohio App. LEXIS 3220 (July 9, 1999).

{¶19} We likewise find no merit to Wenmoth's contention that his more than the minimum sentence was excessive. The Eighth Amendment to the United States Constitution states that "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." The final clauses prohibit not only barbaric punishments, but also sentences that are disproportionate to the crime committed. *Solem v. Helm*, 463 U.S. 277, 284, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). "It is well established that sentences do not violate these constitutional provisions against cruel and unusual punishment unless the sentences are so grossly disproportionate to the offenses as to shock the sense of justice in the community." (Citations omitted.) *State v. Hamann*, 90 Ohio App.3d 654, 672, 630 N.E.2d 384 (8th Dist.1993).

{¶20} The Ohio Supreme Court has held that, "'[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment.'" *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964).

{¶21} Wenmoth was sentenced to a total six-year prison term, which included a mandatory one-year term for the firearm specification. The five-year sentence on the underlying aggravated robbery was within the statutory range and was closer to the minimum, rather than the maximum, for the first-degree felony offense. *See* R.C.

2929.14(A)(1) ("For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years."). The record demonstrates that Qader, the victim, suffered injury to his mouth during the course of the incident, which required over $6,000 worth of dental work to repair. Qader's wife witnessed the attack. Further, Wenmoth used a gun during the attack. On this record, the trial court's sentence was not excessive.

{¶22} In light of the above, Wenmoth's sole assignment of error is overruled.

{¶23} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR