[Cite as *State v. Anderson*, 2017-Ohio-4186.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104977**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LATWAN L. ANDERSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603794-A

**BEFORE:**   McCormack, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   June 8, 2017

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender

Jeffrey Gamso
Assistant Public Defender
310 Lakeside Ave., Ste. 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

Ashley B. Kilbane
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Latwan Anderson appeals from his conviction for aggravated robbery, kidnapping, and tampering with evidence. For the reasons that follow, we affirm.

{¶2} Anderson was charged in two cases for his involvement in three robberies. In Cuyahoga C.P. No. CR-16-603854, he was charged with one count of aggravated robbery, two counts of robbery, two counts of kidnapping, and one count of petty theft. All of the charges pertain to an incident that occurred on January 10, 2016, and five of the six counts included one- and three-year firearm specifications. In Cuyahoga C.P. No. CR-16-603794, Anderson was charged in an 18-count indictment that stems from an incident on January 24, 2016, and an incident on February 12, 2016. These charges included three counts of aggravated robbery (Counts 1, 7, and 12), nine counts of robbery (Counts 2-4, 8-10, and 13-15), three counts of kidnapping (Counts 5, 11, and 16), one count of petty theft (Count 6), one count of theft (Count 17), and one count of tampering with evidence (Count 18). The indictment included multiple one- and three-year firearm specifications and multiple forfeiture specifications.

{¶3} On July 26, 2016, Anderson entered into a guilty plea to amended charges. In Case No. 603854, Anderson pleaded guilty to aggravated robbery in violation of R.C. 2911.01(A)(1) in Count 1, and the attendant one-year firearm specification, and kidnapping in violation of R.C. 2905.01(A)(2) in Count 5. All remaining charges and specifications were nolled. In Case No. 603794, Anderson pleaded guilty to aggravated

robbery in violation of R.C. 2911.01(A)(1) in Count 1, and its attendant three-year firearm specification, aggravated robbery in violation of R.C. 2911.01(A)(1) in Count 7, and its attendant forfeiture specification, and tampering with evidence in violation of R.C. 2921.12(A)(1) in Count 18. All remaining charges and specifications were nolled.

{¶4} On August 23, 2016, the trial court imposed a prison sentence. In Case No. 603854, the court sentenced Anderson to three years each on the aggravated robbery and the kidnapping, to be served concurrently, and one year on the firearm specification, to be served consecutively to the underlying charge, for a total of four years. In Case No. 603794, the court sentenced Anderson to three years each on the aggravated robberies in Count 1 and 7, as well as the attendant firearm specification, to be served consecutively, and 36 months on the tampering charge in Count 18, to be served concurrently, for a total of nine years. The total aggregate sentence for both cases was 13 years in prison.

{¶5} Anderson now appeals his sentence, contending that consecutive sentences were not supported by the record "when no individual sentence involved is the maximum available for the offense and when the total time imposed for consecutive sentences is less than the maximum sentence for any one of the individual sentences made consecutive." Anderson essentially argues that the court erred in imposing consecutive sentences where it did not impose the maximum sentence on the individual offenses, because if the court finds that a sentence less than the maximum is sufficient, then the record does not support consecutive sentences. Anderson contends that this is

particularly true when the individual sentences served consecutively do not amount to the available maximum sentence. We find no merit to Anderson's argument.

**{¶6}** In reviewing felony sentences, we do not review the sentence for an abuse of discretion. R.C. 2953.08(G)(2); *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. Rather, we may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings under R.C. 2929.14(C)(4) or the sentence is contrary to law. *State v. Wenmoth*, 8th Dist. Cuyahoga No. 103520, 2016-Ohio-5135, ¶ 12, citing R.C. 2953.08(G)(2).

**{¶7}** A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. Courts have "full discretion" to impose a sentence within the applicable statutory range. *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Therefore, a sentence imposed within the statutory range is "presumptively valid." *Collier* at ¶ 15.

**{¶8}** Here, Anderson does not dispute that he was sentenced within the statutory range for his offenses, and he does not argue that the court failed to consider the principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set

forth in R.C. 2929.12. We must therefore determine whether we "clearly and convincingly find that the record does not support the sentencing court's statutory findings under R.C. 2929.14(C)(4)." *Wenmoth*; R.C. 2953.08(G)(2).

**{¶9}** In order to impose consecutive sentences, the trial court must make findings set forth in R.C. 2929.14(C)(4) and incorporate those findings into the journal entry of sentence. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. R.C. 2929.14(C)(4) provides that the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶10}** Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, "and by doing so it affords notice to the offender and to defense counsel." *Bonnell* at ¶ 29. "Findings," for these purposes, means that "'the [trial] court must note that it engaged in the analysis' and that it 'has

considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Id.* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to determine that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29.

{¶11} Here, the record reflects that in setting forth the consecutive sentence requirements of R.C. 2929.14(C)(4), the trial court stated:

> Running these cases and counts consecutive to each other is consistent with the requirements of R.C. 2929.14(C)(4), which states that I have to make a finding that consecutive sentences [are] necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of Mr. Anderson's conduct and to the danger that he poses to the public.

The court also finds * * * [that] subpart (b) applies in this situation, that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more or multiple offenses so committed was so great or unusual, that no single prison term for any of the offenses committed as part of any of the courses of the conduct adequately reflects the seriousness of the offender's conduct.

{¶12} In explaining the sentence, the court continued:

And this is the absolute minimum sentence that I thought was appropriate in this circumstance. Others may have imposed a greater sentence. But the obligation is to impose the minimum sentence that addresses the situation. And I think I've done that with 13 years. And clearly it is a situation

where multiple offenses have occurred over a one-month period [in] which a weapon was used in each one. And it seems to me that consecutive sentences are, in fact, required and fall clearly within the guidelines of the statute.

{¶13} The record also demonstrates that prior to imposing sentence, the court carefully considered the nature of the offenses, the presumption of prison, Anderson's conduct, and his criminal history. The court noted Anderson's minimal criminal record and the fact that Anderson may suffer from "a number of addictions to drugs * * * that may or may not have some reason for [Anderson] to commit these aggravated robberies and kidnapping." However, the court determined that Anderson's apparent drug addiction is not sufficient to avoid prison, "given the nature of the charges * * * and [Anderson's] conduct in this case."

{¶14} In considering the appropriate sentence for Anderson, the court continued:

The next thing for me to consider is how do I approach each one of these events and what is the appropriate sentence for you, given the three aggravated robberies in a very short time period, essentially one month period, and the use of the weapon.

And the way you did it with regard to the victims working at the Shell station and at the Dollar Store, certainly tells me that the people working at that store, who go in every night to do their job, this is, I would suggest, their worst nightmare, is to have someone approach them with a weapon, brandish the weapon in the way in which you did, and place them at a tremendous risk and not knowing if you are going to pull the trigger or not. I would view that as that you have injured those people. You have caused them harm. And if not physical harm, then psychological harm for the fear that you have placed in their life, placing their families at risk, and not knowing if they're going to make it through the evening or not.

Whatever your intentions were for each one of these circumstances with the weapon, the three aggravated robberies, those individuals at the end of that weapon, at the other end of the weapon, had no idea what you were going to do. So I think your conduct is very serious and the nature of your conduct is very serious and the nature of your conduct deserves a significant amount of time in prison for each one of these circumstances.

And I don't think it is appropriate for me to weigh whether one robbery versus the other robbery in terms of whether one is worse than the other. It seems to me that they're all fairly the same. And the risk for these individuals are the same in each situation.

**{¶15}** In light of the foregoing, we find the trial court made all of the required consecutive sentence findings and it engaged in the analysis required under R.C. 2929.14(C)(4). Additionally, under these facts, we cannot "clearly and convincingly" find that the record does not support the court's findings.

**{¶16}** Anderson argues that because the trial court did not impose a maximum sentence, the record cannot support consecutive sentence findings. However, the law does not require the court to impose maximum sentences in order to impose the sentences consecutively. And in fact, the court's duty to provide a sentence reasonably calculated to protect the public from future crime by the offender and to punish the offender using the minimum sanctions that the court determines will accomplish those purposes (along with seriousness and recidivism factors) is separate and apart from the court's duty to make findings when considering whether consecutive sentences are warranted. Thus, the trial court engages in different analyses. It is therefore entirely possible in this case that the trial court found that Anderson did not pose the greatest likelihood to re-offend,

and therefore did not impose a maximum sentence, while still finding that a single term of three years did not adequately reflect the seriousness of Anderson's conduct or adequately protect the public, and therefore impose consecutive sentences.

{¶17} Trial courts have broad discretion in fashioning the appropriate felony sentence. *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, ¶ 36 ("The General Assembly has afforded judges great discretion in fashioning proper sentences, constrained only by guideposts that require the sentencing judge to consider certain factors that help determine the seriousness of the crime and the likelihood of recidivism."); *State v. Anderson*, 2016-Ohio-7044, 62 N.E.3d 229, ¶ 1 (8th Dist.) ("There is arguably nothing more unassailable than the trial court's discretion to fashion final sentences."); *State v. Malone*, 2016-Ohio-5556, 61 N.E.3d 46, ¶ 11 (3d Dist.), citing R.C. 2929.13(A); R.C. 2929.12(A) (stating that a court that imposes sentence for a felony offender has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]"). This discretion includes finding that maximum sentences are not necessary, while also finding that consecutive sentences are warranted.

{¶18} Accordingly, given the trial court's discretion in fashioning a felony sentence and this court's limited review of a trial court's sentence, we find that the trial court's failure to impose maximum sentences did not preclude the trial court's imposition of consecutive sentences.

{¶19} Anderson's sole assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR